UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Suvwe Peter Ighovojah,

    Petitioner,

v.

Jesse Pugh, *Warden*,

    Respondent.

Case No. 23-cv-1398 (WMW/TNL)

**REPORT AND RECOMMENDATION**

---

Suvwe Peter Ighovojah, *pro se*, OID #240950, MCF-Rush City, 7600 525th St., Rush City, MN 55069.

Erin R. Eldridge, Assistant Attorney General, Minnesota Attorney General's Office, 445 Minnesota Street, Ste. 1400, St. Paul, MN 55101.

Jeffrey Wald, Assistant Ramsey County Attorney, 345 Wabasha St. N., St. Paul, MN 55102.

---

    Petitioner Suvwe Ighovojah challenges his state prison sentence for aiding and abetting intentional second-degree murder in violation of Minn. Stat. §§ 609.05 subd. 1 and 609.19 subd. 1(1). (Pet. [ECF No. 1]). This Court previously ordered Ighovojah to show cause why this matter should not be dismissed for failure to state a cognizable, exhausted habeas claim. [ECF No. 9]. Having received Ighovojah's response, [ECF No. 9], this matter is back before the Court for review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

    In his petition, Ighovojah contends that he agreed to plead guilty to second degree intentional murder in violation of § 609.19 subd. 1(1) in exchange for the middle of the

1

presumptive range of the sentencing guidelines for someone with his criminal history score. At the time he enter his plea, he, along with everyone else, including his attorney, the prosecutor, and the judge, assumed his criminal history score was five, meaning his presumptive "middle of the sentencing guidelines" sentence was 406 months in prison. When the parties reconvened for sentencing, however, probation had determined that his correct criminal history score was four. The presumptive "middle of the sentencing guidelines" sentence for aiding and abetting second degree intentional murder for a defendant with a criminal history score of 4 is 386 months' imprisonment. But the state trial court nevertheless sentenced him to 406 months in prison, which is within presumptive range of the sentencing guidelines for someone with a criminal history score of four.

Ighovojah appealed his sentence and the Minnesota Court of Appeals affirmed. *State v. Ighovojah*, A22-0114, 2023 WL 125438, at *3 (Minn. Ct. App. Jan. 9, 2023), *pet. for review den*. (Minn. Mar. 28, 2023). Although the Minnesota Court of Appeals recognized that there was some ambiguity about whether Ighovojah agreed to plead guilty in exchange for a specific number—i.e. 406 months in prison—or a specific number based on his criminal history score, the Minnesota Court of Appeals concluded that the sentence was nevertheless authorized under Minnesota state law. *Id.* at *3-4. The Minnesota Supreme Court declined further review of Ighovojah's sentence. *Id.* In this action, Ighovojah requests an order "relieving him of this unconstitutional sentence." (Pet. at p. 15 [ECF No. 1]).

In conducting habeas review, "a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v.*

*McGuire*, 502 U.S. 62, 68 (1991) ("Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). Here, however, the petition fails to implicate any federal law. To the extent that Ighovojah claims that the state-trial court failed to properly apply the Minnesota Sentencing Guidelines to his sentence, such a claim falls exclusively within the universe of Minnesota *state* law. *See State v. Soto*, 855 N.W.2d 303, 307-08 (Minn. 2014) (a Minnesota sentencing judge's discretion is limited by the Minnesota Sentencing Guidelines, which establish a sentence or range presumed to be appropriate based on the nature of the offense and the defendant's criminal history score). Such claims therefore are not cognizable in a federal habeas petition. *See, e.g.*, *Fisher v. Miles*, Case No. 22-cv-2366 (JRT/LIB), 2023 WL 315520, at * 3 (D. Minn. Jan. 19, 2023) (dismissing habeas claim challenging petitioner's criminal history score on the grounds that "[w]hether or not the district court properly calculated his criminal-history score is a matter of Minnesota law"); *Welch v. Fabian*, Case No. 09-cv-1404, 2009 WL 2170993 at *2 (D. Minn. July 19, 2009) (rejecting petitioner's habeas petition because it was based on sentence miscalculation and involved "only the interpretation and application of Minnesota *state* law").

Citing *Molina-Martinez v. United States*, 578 U.S. 189 (2016), and *Rosales-Mireles v. United States*, __ U.S. __, 138 S. Ct. 1897 (2018), Ighovojah claims that his sentence violates the United States Constitution because it was based on an incorrect criminal history score and federal law—like state law—requires defendants to be sentenced based on the correct criminal history score. [ECF No. 10]. This argument is unavailing.

3

Both *Molina-Martinez* and *Rosales-Mireles* concern the application of the *federal* sentencing guidelines to a *federal* sentence for a *federal* criminal conviction. *See Molina-Martinez*, 578 U.S. at 191 ("This case involves the Federal Sentencing Guidelines."); *Rosales-Mireles*, 138 S. Ct. at 1903 ("This case concerns the bounds of [Federal Rule of Criminal Procedure 52(b)], and whether a miscalculation of the United States Sentencing Guidelines range, that has been determined to be plain and to affect a defendant's substantial rights, calls for a court of appeals to exercise its discretion under Rule 52(b) to vacate the defendant's sentence."). A federal court's interpretation of the Federal Sentencing Guidelines does not implicate the Minnesota state trial court's interpretation of the Minnesota Sentencing Guidelines. *See State v. Shattuck*, 704 N.W.2d 131, 147 (Minn. 2005) ("The Federal Sentencing Guidelines system is a complex one that differs significantly from Minnesota's."). Although the state court may adopt the same reasoning as the federal courts in interpreting the Minnesota Sentencing Guidelines—as the Minnesota Court of Appeals did in *State v. Provost*, 901 N.W.2d 199, 202 (Minn. Ct. App. 2017) (adopting the reasoning of the United States Supreme Court in *Molina-Martinez v. United States*, 578 U.S. 189, 198-99 (2016))—this does not mean that a federal court's interpretation of the Federal Sentencing Guidelines *mandates* that Minnesota state courts interpreting the Minnesota Sentencing Guidelines come to the same result. *See Shattuck*, 704 N.W.2d at 146-47 (declining to follow the United States Supreme Court's decision in *United States v. Booker*, 542 U.S. 220 (2005), which made the Federal Sentencing Guidelines advisory). Accordingly, Ighovojah's Motion to Apply the U.S. Supreme Court

4

Holdings from *Molina-Martinez v. United States*, 578 U.S. 189 (2016), [ECF No. 2], should be denied.

In response to the Court's show cause order, Ighovojah claims that his trial counsel and the prosecutor made a "mistake" in calculating his criminal history score, but "rather than correcting the mistake . . . the district court took it upon itself, without asking the petitioner any questions, and sentencing petitioner to a 406 month sentence based on an incorrect criminal history score of 5." (Resp. at p. 2 [ECF No. 10]). Ighovojah claims "he is merely asking for the fair plea he would have received if the correct criminal history score would have been used from the beginning . . ." *Id.* at p. 4. To the extent that Ighovojah now claims that the mistake about his criminal history score implicates his right to an intelligent, knowing, and voluntary plea under federal law, such a claim has not been exhausted in the state courts pursuant to Section 2254(b)(1)(A).

The exhaustion requirement of Section 2254(b)(1)(A) requires petitioners to fairly represent all their claims to the highest available state court before seeking relief in federal court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). "The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982). But the Minnesota Court of Appeals did not address whether Ighovojah was asserting that his guilty plea was based on a mistake of fact under either Minnesota or federal law because he was not requesting to withdraw that plea. *Ighovojah*, 2023 WL 125438 at *4. Thus, any claims that Ighovojah's guilty plea was not voluntary under federal law because it was

5

based on a mistake concerning his criminal-history score have not been exhausted within the meaning of § 2254(b)(1)(A). These claims should therefore also be dismissed.

Finally, because this Court does not believe the basis upon which dismissal is recommended to be fairly debatable, it is further recommended that a certificate of appealability not be issued in this matter. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

[Continued on next page.]

## RECOMMENDATION

Based upon the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. The Petition for Habeas Corpus of Suvwe Peter Ighovojah, [ECF No. 1], be **DISMISSED WITHOUT PREJUDICE** for failure to state an exhausted, cognizable federal habeas claim.

2. Petitioner Ighovojah's pending motion, [ECF No. 2], be **DENIED**.

3. No certificate of appealability be issued.


Date: August   11  , 2023                    *s/ Tony N. Leung*
                                             Tony N. Leung
                                             United States Magistrate Judge
                                             District of Minnesota


                                             *Ighovojah v. Pugh*
                                             Case No. 23-cv-1398 (WMW/TNL)


## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).