UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Suvwe Peter Ighovojah, | Case No. 23-cv-1398 (WMW/TNL) |
| Petitioner, | |
| v. | ORDER ADOPTING REPORT AND RECOMMENDATION |
| Jesse Pugh, *Warden*, | |
| Respondent. | |

This matter is before the Court on the August 11, 2023 Report and Recommendation from United States Magistrate Judge Tony N. Leung ("R&R"). (Dkt. 11.) Petitioner Suvwe Peter Ighovojah filed objections to the R&R. (Dkt. 12.) For the reasons stated below, the Court overrules the objections, adopts the R&R, dismisses the petition without prejudice and denies the action.

## BACKGROUND

In Ramsey County District Court, Ighovojah pled guilty to aiding and abetting intentional second-degree murder and was sentenced to 406 months' imprisonment. Ighovojah filed a Petition for Writ of Habeas Corpus on May 17, 2023, challenging his Minnesota state prison sentence. Ighovojah alleges that he agreed to plead guilty in exchange for a sentence in the middle of the Minnesota Sentencing Guidelines range, which the parties anticipated to be 406 months' imprisonment based on a criminal history score of 5. At his sentencing hearing, the Ramsey County District Court determined that Ighovojah had a criminal history score of 4 and determined the middle of the guidelines

range to be 386 months' imprisonment. But the Ramsey County District Court sentenced Ighovojah to 406 months' imprisonment. The Minnesota Court of Appeals affirmed the sentence, finding it authorized under state law.

In his petition for Writ of Habeas Corpus, Ighovojah argues that the sentence violates federal law because it is based on an incorrect criminal history score.

In the R&R, the magistrate judge recommends denying the petition because Ighovojah's claims pertain to the Minnesota Court of Appeals' interpretation of the Minnesota Sentencing Guidelines, which are not subject to federal habeas review. The magistrate judge also recommends denying the petition because Ighovojah did not raise the scoring mistake issue in his state court appeal. Because this claim has not been addressed in the state courts, it cannot be addressed here. 18 U.S.C. § 2254(b)(1)(A). Ighovojah objected to the R&R, presenting the same arguments that he made before the magistrate judge.

## ANALYSIS

The Court reviews *de novo* the portions of an R&R to which a party has objected and "may accept, reject, or modify, in whole or in part, the findings or recommendation made by the magistrate judge." 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b)(3). A party's objections to an R&R must "specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07-cv-1958, 2008 WL 4527774 at *2 (D. Minn. Sept. 28, 2008). An objection that restates arguments made to and considered by the magistrate judge is reviewed for clear error. *Montgomery v. Compass Airlines, LLC*, 98 F.Supp.3d 1012, 1017

(D. Minn. 2015). In the absence of specific objections, the Court reviews an R&R for clear error. *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996). Because Ighovojah is self-represented, the Court liberally interprets his objections. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Horsey v. Asher*, 741 F.2d 209, 211 n.3 (8th Cir. 1984).

Ighovojah does not identify the portion of the R&R to which he objects. Ighovojah simply repeats the same arguments that he presented to the magistrate judge. Ighovojah's objection lacks specificity and does not require the Court to conduct a *de novo* review of the R&R. The Court, therefore, reviews the R&R for clear error.

Ighovojah's petition asserts his sentence violates federal law because it was based on an incorrect criminal history score. However, claims that the Ramsey County District Court misapplied the Minnesota Sentencing Guidelines are matters of state law and do not present any issue of federal law that can be addressed by federal habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

Ighovojah objects to the R&R, arguing that his sentence violates federal law. He cites *Molina-Martinez v. United States*, 578 U.S. 189 (2016), and *Rosales-Mireles v. United States*, 138 S. Ct. 1897 (2018), in support of his contention. However, those cases interpret the Federal Sentencing Guidelines, not the Minnesota Sentencing Guidelines, which differ significantly from one another. *See State v. Shattuck*, 704 N.W.2d 131, 146-47 (Minn. 2005).

To the extent Ighovojah claims that he was inadequately advised of the consequences of his guilty plea because of a mistake in the calculation of his criminal history score, Ighovojah did not exhaust that claim in state court. A party seeking relief

3

from a sentence imposed by a state district court must fairly present all claims to the highest state court first. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). The Minnesota Court of Appeals did not address any mistake-based challenge to Ighovojah's plea. As such, the magistrate judge did not err, and Ighovojah's objection is overruled.

The Court reviews for clear error those parts of the R&R to which neither party objects. *See Grinder*, 73 F.3d at 795; *see also* Fed. R. Civ. P. 72(b) advisory committee's note (stating that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation"). Having carefully performed this review, the Court finds no clear error and adopts the portions of the R&R to which neither party objected. Because Ighovojah's petition fails to state a cognizable, exhausted federal claim, the Court dismisses the claim and will not issue a certificate of appealability. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Petitioner Suvwe Peter Ighovojah's objection to the August 11, 2023 Report and Recommendation, (Dkt. 12), is **OVERRULED**.

2. The August 11, 2023 Report and Recommendation, (Dkt. 11), is **ADOPTED**.

3. Petitioner Suvwe Peter Ighovojah's Petition for Writ of Habeas Corpus, (Dkt. 1), is **DISMISSED WITHOUT PREJUDICE**;

4. Petitioner Suvwe Peter Ighovojah's motion, (Dkt. 2), is **DENIED**; and

5. No certificate of appealability shall issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: October 23, 2023

s/ Wilhelmina M. Wright
Wilhelmina M. Wright
United States District Judge